LANSING and THAYER *against* THE NORTH RIVER STEAM-BOAT COMPANY.

Where a party is in the actual possession of an exclusive privilege, under claim and colour of title, an injunction will not be granted to restrain him from the exercise of his privilege, or the use of the means provided by law for its protection; especially in favour of a party who sets up no particular right of his own, but merely denies the privilege of the other party.

*April 29th.*     THE bill stated, that the plaintiffs have caused to be fitted with machinery, a vessel, called the *Massachusetts,* for the purpose of navigating *Hudson* river, and which vessel is intended to be propelled by fire and steam, and to be employed in the conveyance of passengers and freight; and that they intend to construct other vessels

of a similar kind, to be employed on the said river; that the defendants pretend to have acquired, in 1817, certain exclusive rights and privileges to the navigation of *Hudson* river, with vessels propelled by fire and steam, derived from *R. R. Livingston* and *R. Fulton*, or one of them, or persons claiming under them. That *Hudson* river is an arm of the sea, and open to all the citizens of the *United States*. That the exclusive right and privilege aforesaid, is claimed under pretence of an act of the Legislature, passed the 27th of *March*, 1798, and certain other acts passed between that day and the 1st day of *May*, 1803; all which acts, and the privileges thereby granted, have expired by their own limitation, so far as respects the said rights and privileges. That the defendants still persist in asserting their exclusive right of navigating *Hudson* river by steam-boats; and, as colour for such claim, they pretend that, by certain other acts of the Legislature, passed after the 1st of *May*, 1803, certain other rights were vested in *R. R. L.* and *R. F.* and their associates, as well as a continuation of the said exclusive right to the navigation of the said river by steam vessels. That the defendants, under such pretence, claim and pretend that all vessels, propelled by fire and steam, navigating the said river, in contravention of the said exclusive privilege, which they allege is devolved upon them, or vested in them, become *forfeited to their use*, on the first moment of their operation by such propulsion; and that they have a legal right to seize the same, as if the same had been tortiously taken from them, and that they may recover the same for their own use; and that two certain acts of the Legislature, passed after the 1st day of *May*, 1803, have placed the right and privilege granted and continued to *R. R. L.* and *R. F.*, and claimed by the defendants, under the peculiar control of this Court, authorizing it, whenever a suit shall be brought at law for the recovery of any vessel so forfeited, to grant an injunction,

1823.

LANSING
v.
N. RIVER
STEAM-BOAT
COMPANY.

prohibiting its use, and to direct it to be safely kept during the suit. That the defendants allege, they were the associates of *R. R. L.* and *R. F.*, and entitled to the rights granted to them; whereas, *R. R. L.* and *R F.* died before 1817, and before the defendants were in existence; and that, at the time of their deaths, they had no associates; and that no rights, under the said acts, had or could attach to the defendants. That the said grant was an incorporeal hereditament, and expired with the lives of *R. R. L.* and *R. F.*, and was incapable of transmission to their personal representatives or heirs. That the interruption of the free navigation of the *Hudson,* by means of such pretences, is a violation of common right. That the plaintiff, *L.,* applied to the defendants for permission merely to try an experimental boat, to ascertain the effect of its machinery, but he was refused, owing to an intention to exact the forfeiture of such experimental boat on its first movement. *Prayer,* that the defendants be enjoined from interrupting the plaintiffs in the use of the waters of *Hudson* river with the said steam vessel, or with other vessels propelled by steam and fire; and that the plaintiffs be protected from the seizure which the defendants claim to have a right to have made, and for general relief.

*April* 16, 1823. The bill having been sworn to, and presented, a motion was made, and eight days notice of the motion directed to be given to the defendants.

*April* 28. The motion was renewed, and argued by the plaintiff, *Lansing,* in proper person, for the motion; and by *Oakley, Spencer,* and *T. A. Emmet,* for the defendants.

THE CHANCELLOR. It appears from the bill, that the defendants claim and exercise the right or privilege of exclusively navigating the waters of *Hudson* river, with vessels propelled by fire and steam, and that they claim

and assert that right under certain acts of the Legislature
of this State.  It is also a fact of public notoriety, and
was assumed and conceded upon the argument of the
motion, that the defendants, and those from whom they
claim to have derived title,, have been, ever since the year
1807, in the actual possession and enjoyment of such ex-
clusive right and privilege.  It further appears, that the
plaintiffs assert no right peculiar to themselves, but only
a right common to every citizen, nor do they allege any
actual infringement, in their particular case, of that com-
mon right.  I cannot perceive, then, upon the face of this
bill, any just ground for the motion, and it strikes me as
being plainly repugnant to the settled doctrine and prac-
tice of the Court, to grant an injunction in such a case.
Here is a party in actual possession of a privilege, under
claim and colour of title, and the Court is asked to restrain
him from the use of the means provided by law for the
protection of that privilege, and that too, in favour of
another party, who sets up no particular right of his own,
but contents himself with a general denial of any such
exclusive privilege in the defendants.  An injunction for
such a purpose, and under such circumstances, would be
unprecedented.  The common right must be first legally
established, and the defendants must be first duly ousted
of their pretension and possession, by due course of law.

In *Pillsworth* v. *Hopton*, (6 *Ves.* 51.) it was considered
by Lord *Eldon*, as a clear point, that an injunction to stay
waste, is never granted against a defendant in possession,
and claiming by title adverse to that of the plaintiff.  I fol-
lowed this rule in *Storm* v. *Mann*, (4 *Johns. Ch. Rep.* 21.)
Here I am asked to go a great deal farther : I am called
upon to prohibit the defendants from availing themselves
of their legal remedies, against the invasion of their privi-
leges,- or the trespass upon their rights, which the plaintiffs
have in contemplation.  The plaintiffs insist that the ex-
clusive right or privilege granted by the statute to *Living-*

1823.

LANSING
v.
N. RIVER
STEAM-BOAT
COMPANY.

1823.

*ston* and *Fulton*, has expired ; and the defendants, who are in possession of that right, or privilege, under the original grantees, are holding over, and are in no better condition than tenants at sufferance. But the bill admits that the defendants pretend to a better title, and assert a valid, subsisting, exclusive right to the enjoyment of the steam navigation, of which they have the possession. This is not the time, nor proper occasion, to try that title. It is sufficient for the disposition of the present motion, that the defendants *claim* such an exclusive privilege, and that they are in the actual *possession* and enjoyment of it, by colour of law. It would appear to me to be a very unreasonable, as well as a very unusual exercise of power, to enjoin them from using the lawful means and remedies provided by statute, to protect themselves from trespass, or other disturbance, in the enjoyment of their right, until some better right, adverse to theirs, shall have been previously established. The consequence of granting the motion would be, the immediate destruction of the exclusive privilege ; for it would be letting the plaintiffs, and all other persons, (for all other persons have the same pretensions,) into the enjoyment of that privilege, before the common right of the public, in opposition to the exclusive right of the defendants, has been judicially ascertained. This would be too summary a mode of dispossessing a party of a right which he has long held and enjoyed.